IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PREMIUM PLASTICS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-10-3960 |
| § | |
| SEATTLE SPECIALITY INSURANCE, § | |
| SERVICES, INC. and GREAT AMERICA § | |
| ASSURANCE COMPANY, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

This is an insurance dispute. The plaintiff, Premium Plastics, sued Seattle Specialty Insurance Services, Inc. in state court. In September 2010, the plaintiff amended its petition and added Great American Assurance Company as a defendant, alleging that it violated state law in failing to pay an insurance claim for property damage from a hurricane. The defendants timely removed based on federal diversity jurisdiction. The plaintiff has moved to remand, asserting that the defendants have failed to show that the $75,000 jurisdictional amount is satisfied. (Docket Entry No. 4). The defendants have filed a response. (Docket Entry No. 5).

Based on the pleadings, the notice of removal, the motion and response, and the applicable law, this court denies the motion to remand. The reasons are set out below.

**I.      The Applicable Legal Standard**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335

(5th Cir. 1995). In assessing whether removal is appropriate, the court strictly construes the removal statutes. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Though the court must remand the case to state court if at any time before final judgment it appears that it lacks subject-matter jurisdiction, the court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (citing *Freeport-McMoRan, Inc. v. K N energy, Inc.*, 498 U.S. 426, 428 (1991)).

    Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure higher than the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Id.* "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.* In this case, however, the plaintiff filed her petition in a state where the law ordinarily does not permit plaintiffs to plead a specific amount of money damages. *See, e.g.*, *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 562 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). When, as here, a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Allen*, 63 F.3d at 1335; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th

Cir. 1999); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen,* 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. If the "facially apparent" test is not met, it is appropriate for the court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

## II.     Analysis

The petition Premium Plastics filed alleged that during the hurricane, the roof of its building "sustained extensive damage, as did the interior, exterior, and other personal property items located in the building." (Docket Entry No. 1, Ex. A, State Court Petition, ¶ 8). The petition alleged that the defendants have failed to pay the claim. The petition alleged additional damage as a result, including "the deterioration of the structure as well as the growth of mold on the interior walls, thus rendering the building unsuitable for human habitation." (*Id.*, ¶ 9). The petition sought damages under the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and Texas common law, "including actual damages, statutory damages, interest, attorney's fees, and costs of court." (*Id.*, ¶ 14).

Because the petition does not request a specific amount of damages, that pleading must be further examined to determine if it is otherwise "facially apparent" that the requisite amount in controversy has been met. This analysis focuses on the nature of the damages alleged. *See Simon*,

193 F.3d at 851 (holding that damages comprising an injured shoulder, bruises, abrasions, unidentified medical expenses and a loss of consortium did not satisfy the amount in controversy requirement). The nature and extent of the property damage the plaintiff alleges could well be sufficient to justify a damage award surpassing the requisite amount in controversy. But because the petition identifies only categories of damage and not the specifics of the nature of the damage sustained, it is not facially apparent that the amount in controversy exceeds $75,000.00. The defendants must set forth facts beyond the complaint to establish federal jurisdiction.

The defendants included in their notice of removal an affidavit by David Wren, a senior claims specialist with Great American Insurance Company, stating as follows:

> Great American Assurance Company is a wholly-owned subsidiary of Great American Insurance Company. I am familiar with Great American Assurance Company Claim No. 836511953 (Seattle Specialty Insurance Services, Inc.'s Claim No. 448-702352) on Policy No. 5859841 which was a claim made by Premium Plastics, Inc. for property damage from Hurricane Ike.
>
> Attached to this affidavit as is a true and correct copy of five (5) pages of the Claims Diary. Page 4 of the Claims Diary reflects the insured's representation that he had received a contractor's bid for the work at $40,000.00. The document attached to this affidavit is kept by Great American Assurance Company in the regular course of business, and it was in the regular course of business of Great American Assurance Company for an employee or representative of Great American Assurance Company, with knowledge of the act or event that was recorded, to make this record onto transmit the information to be included in this record. The records attached to this affidavit are the exact duplicates of the originals.

(Docket Entry No. 1, Ex. D).

In the motion to remand, Premium Plastics asserts that the contractor's bid identified in the affidavit is "pure hearsay." Under the Federal Rules of Evidence, "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove

the truth of the matter asserted." FED. R. EVID. 801(c). Each layer of a multiple-layer statement must conform to an exception to the hearsay rule. FED. R. EVID. 805 (providing that "[h]earsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules").

The statement by the plaintiff to a representative of Great American Assurance Company recorded in the claims diary is excluded from the hearsay rule by Rule 801(d)(2)(A) of the Federal Rules of Evidence as a statement by the plaintiff. The affidavit of David Wren places the claims diary in the hearsay exception for a record of regularly conducted activity. Rule 803(6). The amount of the contractor's bid is properly considered.

The plaintiff also argues that the reference in its petition to the Texas DTPA is irrelevant because it has not pleaded for treble damages. (Docket Entry No. 4, at 3). But the first amended petition seeks "damages authorized under the DTPA," which include up to three times the claimed economic damages. *See Tony Gullo Motors I L.P. Chapa*, 212 S.W.3d. 299, 306 n.226 (Tex. 2006).

The defendants have met their burden of showing federal removal jurisdiction. The motion to remand is denied.

SIGNED on January 3, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge